GEORGE GRAY, Executor, *vs.* RODEN et ux., Administrators.

The same evidence which would be sufficient to sustain the verdict of a jury in a court of law, will sustain a decree in a like case in a court of chancery.

A party having a right of action on a bill single or other written instrument against an executor *de son tort*, may seek the aid of a court of equity, to correct a mistake in it, in order that he may recover the actual and true amount of his demand against such executor.

IN error from the northern district chancery court at Holly Springs; Hon. Henry Dickerson, vice-chancellor.

On the 15th of March, 1849, appellees, as administrator and administratrix of William O. Rutherford, deceased, filed their bill against appellant, as executor *de son tort* of Samuel Rutherford, deceased, alleging that "about or previous to the 2d of January, 1839, the said decedent, William O. Rutherford, sold to the decedent Samuel Rutherford, a tract of land, for which Samuel Rutherford agreed to pay a certain amount in cash, and

to give three notes, for $400 each, payable in one, two, and three years;" that the said land was conveyed to Samuel, in pursuance of the contract, who held it during his life, and at his death; that the said Samuel, in pursuance of the agreement, executed two notes for $400 each, and a third, by mistake, for $4, which should have been for $400. The prayer of the bill is, that the last note be corrected and reformed, and that a decree be rendered in favor of complainants for $400, with interest.

Complainants afterwards filed an amended bill, alleging that the contract referred to in the original bill had been mis-stated in this; that there were three notes for $400, and a fourth (instead of a third) for four, which should have been for $400.

Defendant's answer denied that he was either executor or administrator of Samuel Rutherford, who died in 1839, in Tennessee, where he then lived; that his son, Samuel C. Rutherford, qualified there as his administrator, and within twelve months prior to the filing of the answer, had closed the business of the estate, and made a final settlement; that being interested in the estate left by the widow of Samuel Rutherford, who died in 1847, he (defendant) had, at the request of the children and heirs of the said Samuel and his widow, taken into his possession the estate left by the widow at her death, and was proceeding to pay off the debts for which said estate was bound, when he would make distribution thereof according to law.

Defendant denies that he has any knowledge or belief in reference to the mistake alleged; and without admitting or denying his liability, even conceding that the mistake had occurred, refers the subject generally to the court.

The note sued on is in words and figures as follows, namely:

$400. On or before the 25th day of December, 1842, I promise to pay William O. Rutherford, the just and full sum of four dollars, for value received of him. Witness my hand and seal, January 2, 1839.          Sam. Rutherford. [SEAL.]

The note is without punctuation in its figures.

Complainants filed in evidence a transcript of a deed executed by William O. Rutherford to Samuel Rutherford, for a certain tract of land lying and being in Fayette county, Tennessee,

bearing date January 2d, 1839; and purports to have been executed "in consideration of the sum of $3,000."

Neely, a witness for complainant, proved, that administration was granted in Tennessee, in November, 1839, upon the estate of Samuel Rutherford, to one of his sons; that witness was clerk of the court granting the letters; that in the papers of the administration are found three notes made by Samuel to William O. Rutherford, each for $400, and bearing date the 2d of January, 1839, and due the 25th of December, 1839, 1840, and 1841, respectively; that they are written on precisely the same kind of paper, with the same ink, and in the same handwriting with the note sued on; that all four of the notes appear to have been written on paper having precisely the same marks and lines upon it, and appearing to have been torn out of an account book; and that he thinks he has heard the administrator, the son of Samuel, say, that there was another note out for $4, which ought to be for $400.

By agreement of counsel, it appears that Samuel Rutherford left personal property worth about $5,000, and that his son and administrator paid the first three.

Michie, for complainant, proved the sale of the land, that the plantations of maker and payee joined, and that Samuel Rutherford was in good circumstances.

The vice-chancellor decreed that the note should be corrected, made $400, and paid.

*Watson & Craft*, for plaintiff in error,

Contended, at length, that the evidence was not sufficient to support the decree. Where a bill is filed to correct an alleged mistake, the evidence of its existence must be clear and certain. 2 Johns. Ch. R. 275, 585; I Ib. 582; 8 Humphreys, 230.

*Scruggs & Walter*, for defendant in error.

Where a mistake in an instrument is made out to the satisfaction of the court, the mistake will be corrected. The facts in this case establish the mistake satisfactorily. 2 Dall. 180; 8 War, Son, R. N. S. 36; 6 Ib. 494–496; 6 Mass. R. 519.

Gray *v.* Roden et ux.

Mr. Justice FISHER delivered the opinion of the court.

This was a bill filed in the vice-chancery court at Holly Springs, to correct a mistake in giving a note for the sum of $4, whereas it should have been for the sum of $400.

The question is entirely one of fact. The evidence to show the mistake is not as clear and satisfactory as that required by the courts to establish mistakes in deeds of conveyance, or other instruments affecting real estate. But if the proceedings had been in a court of law, the evidence was clearly sufficient to uphold the finding of a jury in favor of the complainants. In ordinary transactions of life, this evidence is sufficient. In the case of a note, or other unsealed instrument, the mistake may be shown in a court of law. And in such case, the evidence will be sufficient, if, from all the circumstances attending the transaction, the mistake shall be made to appear as clearly as facts relating to other transactions must be made to appear. Equity is not more stringent in requiring evidence, than a court of law in similar cases. Whatever, therefore, would sustain a verdict in the latter, ought to sustain a decree in like case, in the former.

Decree affirmed.

A re-argument was prayed for by the counsel for the appellant in this case, which was refused by the court, and upon which refusal the following opinion was delivered by Mr. Justice YERGER.

Upon reëxamining this record, we are satisfied that the proof sufficiently shows the mistake in the bill single, as alleged by the complainants.

But it is said, that a bill to correct a mistake in a written instrument cannot be maintained against an executor *de son tort*. This may be true, as a general principle; but we cannot doubt, that a party having a right of action on a bill single, or other written instrument, against an executor *de son tort*, may seek the aid of a court of equity to correct a mistake in it, in order that he may recover the actual and true amount of his demand against such executor. Such is the aspect of the present case. Had there been no mistake in the bill single, the

complainants could have sued the executor *de son tort* upon it at law; and we are at a loss to conceive why, in the case of a mistake, the party may not apply to a court of equity to give a decree against such executor for the true amount of his demand, and obtain, for the purpose of that decree, a correction of the mistake.

A re-argument is refused.